UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| BENJAMIN DISINGER, <br><br> Plaintiff, <br><br> v. <br><br> PRESTIGE ART STUDIOS LLC, and MARK LITTLE, <br><br> Defendants. | Civil Action No.: 1:17-cv-01409 |

PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST
DEFENDANT PRESTIGE ART STUDIOS LLC AND
INCORPORATED MEMORANDUM OF LAW

Plaintiff, BENJAMIN DISINGER, by and through its undersigned counsel, files this Motion for Entry of Final Judgment pursuant to Fed. R. Civ. P. Rules 55(b) and 58(d) and in support thereof states as follows:

This is a copyright infringement case involving the photograph titled "Santa Monica Ferris Wheel" ("Copyrighted Photograph") captured by Benjamin Disinger ("Disinger").

Disinger registered Copyrighted Photograph and therefore is entitled to a judgment for actual damages in the amount of $15,750.00 in this case. Pursuant to 17 U.S.C. § 505, Disinger is entitled to his attorneys' fees and costs associated with his prosecution of this case, pursuant to 17 U.S.C. § 505. Pursuant to 17 U.S.C. § 502, Disinger is entitled to an injunction against PRESTIGE ART STUDIOS LLC ("Prestige").

## FACTS

1. Disinger is the principal photographer and owner of Benjamin Disinger Photography. Disinger provides [travel photography services to magazines, publishers, and advertising agencies throughout the world]. [Disinger Decl. ¶ 2-4].

2. Disinger has previously licensed his photographs for a variety of uses, including major entertainment companies, in both digital and print form. Disinger has also exhibited his work, including the photograph at issue in this case. [Disinger Decl. ¶ 4].

3. In 2014, Disinger created Copyrighted Photograph, attached as Ex. 1 to the original Complaint. Copyrighted Photograph is original and created by Disinger. [Disinger Decl. ¶ 5] Copyrighted Photograph is protected by copyright. [Disinger Decl. ¶ 7].

4. Disinger registered the Works with the Register of Copyrights on April 26, 2011 and was assigned the registration number VA 1-775-610. [Disinger Decl. Ex. 2].

5. After Disinger became aware of Prestige's copying and displaying of the Copyrighted Photograph without his permission, Disinger filed a Complaint for Copyright Infringement on December 14, 2016 against Prestige. [ECF No. 1].

6. Copyrighted Photograph created by Disinger was labor intensive, marketable, high-quality, and expensive to produce. [Disinger Decl. ¶ 5].

7. Prestige copied, displayed, and distributed the photograph without authorization to Prestige's commercial website, as well as numerous third party commercial websites. [Disinger ¶ 8].

8. On January 18, 2018, Disinger served by personal service Mark Little, Prestige's registered agent, with a Summons and a copy of the Complaint. [ECF No. 4]. The time allowed for Prestige to respond has expired and the Court has not granted Prestige an extension of time to respond to the Complaint. Prestige has failed to answer or otherwise respond to the

Complaint, or serve a copy of any Answer or other response upon the Plaintiff's attorney of record.

9. The Clerk of the Court entered a default against Prestige on February 28, 2018. [ECF No. 12].

10. Disinger seeks $5,000.00 in actual damages, pursuant to 17 U.S.C. § 504(b).

11. Disinger seeks attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

## MEMORANDUM OF LAW
### I. SUBJECT MATTER JURISDICTION

The Court has jurisdiction over this matter because the action arises out of alleged violations of the Copyright Act and the Trademark Act, each of which are federal statutes. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Plaintiff's causes of action arise under federal law, the Court has jurisdiction over the subject matter of this litigation.

### II. PERSONAL JURISDICTION
#### A. Service

On January 26, 2018, Plaintiff filed Proof of Service demonstrating that Mark Little, registered agent of Prestige, was personally served the Summons and a copy of the Complaint on January 18, 2018. [ECF No. 4.]. Plaintiff subsequently filed the proof of service, obtained Entry of Default from the Clerk of Court, and filed the present motion seeking default judgment against Defendant, as outlined above.

B. Specific Jurisdiction

"[P]laintiff need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assoc., Inc.*, 115 F.3d at 773.

In determining whether personal jurisdiction exists over a particular defendant, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Shrader v. Biddinger, 633 F.3d 1241* (10th Cir. 2011). In *ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712* (4th Cir. 2002), the Court stated:

> [A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person: (1) directs electronic activity into the State; (2) with the manifested intent of engaging in business or other interactions within the State; and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.

Personal jurisdiction over Defendant is proper in the Eastern District of Virginia because Defendant infringed Plaintiff's copyright by transacting business in this district. Defendant sold to an individual residing in the Eastern District of Virginia a product that contained in its entirety a copy of the infringing work at issue in this case. [Lynch Affidavit].

C. VENUE

Venue is proper in a federal-question case in the judicial district where the defendant resides. 28 U.S.C. § 1391(b). A corporation is deemed to reside in any district "in which it is subject to personal jurisdiction at the time the action is commenced." *Id*. § 1391(d). Prestige was subject to personal jurisdiction in the Eastern District of Virginia at the time this action was commenced, and therefore venue is proper in this district.

III. STANDARD FOR DEFAULT JUDGMENT

After a proper entry of default, the Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered. *Bixler v. Foster, 596 F.3d 751, 761* (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Prac. & Proc.* § 2688, at 63 (3d ed. 1998)). "There must be a sufficient basis in the pleadings for the judgment entered." *Id*. (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206* (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the "sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445- LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith, 141 F. Supp. 2d 277, 281* (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. See *Olcott v. Del. Flood Co., 327 F.3d 1115, 1125* (10th Cir. 2003).

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a Default Judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975). Disinger received an entry of default pursuant to Rule 55(a) on February 10, 2017. [ECF No. 6]. Disinger now seeks a final default judgment under Rule 55(b).

IV. ARGUMENT

A. Prestige Violated the Copyright Act, 17 U.S.C. § 501

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]. . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

1. Disinger Owns a Valid Copyright for the Works

Disinger's Copyrighted Photograph is an original and expressive pictorial, graphic, and sculptural works that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5). "Under § 410(c), the certificate is prima facie evidence of the validity of the copyright." *La Resolana Architects v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1203, (10th Cir. 2005). Disinger registered the Works pursuant to 17 U.S.C. § 411(a) and was given a Certificate of Registration, Registration Number VA 2-090-676, as of October 11, 2017. [Complaint Ex. B]. The certificate was registered within five years of first publication of the Works therefore Disinger is entitled to the presumption of validity of the copyright for the Works and all facts stated in the copyright certificate under 17 U.S.C. § 401(c).

2. Prestige Copied the Works

The copying element of an infringement claim has two components. *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012) *citing Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §

13.01[B] (2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work "as a factual matter." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993). Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942-43 (10th Cir. 2002).

Here, Disinger has produced documents showing Prestige's copying [Complaint Ex. C] and Prestige has been found in default by the Clerk of the Court. [ECF No. 12]. There is no factual or subjective issue of "substantial similarity" here, because Copyrighted Photograph in question is a whole photograph and the copies made by Prestige were exact copies and the entire image was taken. [Complaint Ex. A and Ex. C] Thus, Prestige undisputedly copied Disinger's Copyrighted Photograph and a Final Default Judgment should be entered against Prestige.

### B. This Court Should Award Actual Damages Pursuant to 17 U.S.C. § 504(b) and Grant a Permanent Injunction

#### 1. Actual Damages

Disinger is seeking actual damages. To establish a claim of copyright infringement a plaintiff must establish by a preponderance of the evidence: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). In addition, copyright infringement may be considered willful when a Defendant defaults and decides not to defend against the action. See *Sony Music Entertainment v. Cassette Production, Inc.*, 1996 WL 673158, at *5 (D.N.J., Sept. 30, 1996).

When copyright infringement is found, the copyright holder may recover actual damages against the infringer. 17 U.S.C. § 504(b).

Disinger is an experienced, commercial photographer and filmmaker with a demonstrated history of both being hired to capture photographs, as well as licensing such photographs. [Disinger Decl. ¶ 5, Ex. 1].

Additionally, Disinger has demonstrated Prestige copied Copyrighted Photograph with the express purpose of selling reproductions of the [Disinger Decl. ¶ 7].. [Complaint Ex. 4]. Disinger has also demonstrated Prestige copied and distributed Copyrighted Photograph to several third party vendors, including WalMart and Wayfair. [Complaint Ex. 5-7]. Prestige did so with the express purpose of selling reproductions of Copyrighted Photograph. WalMart's comercial website, www.walmart.com, averages 340 million monthly users.[1] Wayfair's comercial website, www.wayfair.com, averages 44 million monthly users.[2]

As of the date of this filing, Prestige has still not directed WalMart to remove the URL offering Copyrighted Photograph for sale on the WalMart website.[3] Prestige financially benefitted from the copying and selling of reproductions of Copyrighted Photograph. Prestige offered reproductions of Copyrighted Photograph for between $17.99-$65.00.

Further, Prestige utilized advertising services AdChoices and Criteo that copied and distributed Copyrighted Photograph to online users throughout the word, providing them with active links to comercial websites owned and operated by Prestige, WalMArt, and Wayfair offering Copyrighted Photograph for sale. [Complaint Ex. 8].

17 U.S.C. § 504(b) provides two methods for recovering actual damages, including damages suffered as a result of the infringement, as well as attributable profits to the

---

[1] www.similarweb.com/website/walmart.com
[2] www.similarweb.com/website/wayfair.com
[3] www.walmart.com/ip/Prestige-Art-Studios-Going-Around-Photographic-Print/120551581?sourceid=csebr032f5bdd10d9004eceb3d5bb3030c18692&wmlspartner=bizratecom&affcmpid=713424923&tmode=0000&veh=cse&szredirectid=148466703538556536926100703010080 05#about-item

infringement. Disinger has demonstrated his typical license fee and day rate for his photography work. Disinger has also demonstrated online users could in fact purchase a reproduction of Copyrighted Photograph, as displayed and offered for sale by Prestige or third parties under the direction of Prestige. Given the extremely high numbers of online visitors to the commercial websites of WalMart and Wayfair, the court may assume a certain minimum number of sales by these outlets. Disinger requests $9,600.00 in actual damages, which is based on Disinger's history of license fee for online use ($1,100.00), day rate ($2,000.00/day), and estimated profits from online sales ($65.00 x 100 = $6,500.00).

Further, Mark Little, owner and registered agent of Prestige, was properly served with a copy of the complaint in this case. [ECF No. 4-5]. Despite this, Prestige failed to remove or cause to be removed all online outlets displaying Copyrighted Photograph, specifically WalMart.

### 2. Attorneys' Fees

Beginning January 24, 2017, Disinger has expended significant attorneys' fees and costs prosecuting this case. [Deal Affidavit].

### 3. Permanent Injunction

"Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. A copyright holder that establishes past infringement and a substantial likelihood of infringement in the future is normally entitled to a permanent injunction against the infringer pursuant to § 502(a). *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555, (10th Cir. 1996). Here, past infringement is uncontested by default. [ECF No. 6].

III. CONCLUSION

Disinger's Copyrighted Photograph is protected by copyright. Prestige infringed upon Disinger's copyrights by copying and publishing Copyrighted Photograph without his permission or authorization. Disinger is entitled to a final default judgment granting the considerably more than the minimum statutory damages allowed under 17 U.S.C. § 504(c)(1), a permanent injunction from continued infringement under § 501, and any further relief the Court finds just and proper.

WHEREFORE, Disinger respectfully request entry of a final judgment in favor of Disinger in a separate document to be entered in the civil docket.

Disinger prays for a judgment that:

a. Prestige and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with him, permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 106;

b. Prestige pay Disinger actual damages of $9,600.00 pursuant to 17 U.S.C. § 504(b); and

c. Prestige pay Disinger his attorneys' fees and costs of $4,283.90 in this case as provided in 17 U.S.C. § 505.

Dated:  April 2, 2018                                     Respectfully submitted,

___/s/___David C. Deal_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
david@daviddeal.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

SERVICE LIST

Prestige Art Studios LLC
Attn: Mark Little
150 Camelia Court
Oldsmar, FL 34677