IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BENJAMIN DISINGER,                          )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )     Civil Action No. 1:17cv1409 (CMH/JFA)
                                            )
PRESTIGE ART STUDIOS LLC, *et al.*,         )
                                            )
            Defendants.                     )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Benjamin Disinger's ("plaintiff" or "Mr.

Disinger") motion for default judgment (Docket nos. 13, 19) against defendant Prestige Art

Studios LLC ("defendant" or "Prestige").[1]  Pursuant to 28 U.S.C. § 636(b)(1)(C), the

undersigned magistrate judge is filing with the court his proposed findings of fact and

recommendations, a copy of which will be provided to all interested parties.

## Procedural Background

On December 11, 2017, plaintiff filed a complaint against Prestige Art Studios LLC and

Mark Little (collectively "defendants") (Docket no. 1, "Compl."). In his complaint, plaintiff

alleges that defendants infringed on his copyrighted work by copying and displaying the work on

defendants' commercial website, and contributorily infringed by making the work available to

several third party publishers, including Wayfair, Walmart, and Meredith. (Compl. ¶¶ 24–32).

The complaint seeks a permanent injunction and disgorgement. (Compl. at 6).

---

[1] Defendant Mark Little filed two motions to dismiss in response to the complaint on February 13, 2018.
(Docket nos. 8, 9). This proposed findings of fact and recommendations does not address the issues raised in
Little's motions to dismiss.

On December 12, 2017, summonses issued for service on defendants.  (Docket no. 2).
On January 31, 2018, the summonses were returned executed, confirming that Prestige was
served through its registered agent, Mark Little, and Mr. Little was served personally on January
22, 2018.  (Docket nos. 6, 7).  In accordance with Federal Rule of Civil Procedure 12(a),
defendants' responsive pleading was due February 12, 2018; 21 days after defendants were
served with the summonses and the complaint.  Mr. Little filed motions to dismiss on February
13, 2018.  (Docket nos. 8, 9).  Prestige has not filed a responsive pleading and the time for doing
so has expired.

On February 26, 2018, plaintiff filed a request for entry of default as to Prestige (Docket
no. 11), which the Clerk of Court entered pursuant to Federal Rule of Civil Procedure 55(a) on
February 28, 2018 (Docket no. 12).  On April 2, 2018, plaintiff filed a motion for default
judgment (Docket nos. 13, 19) with supporting affidavits and declarations (Docket nos. 14–17),
and noticed a hearing for April 20, 2018 (Docket no. 21).  On April 20, 2018, counsel for
plaintiff appeared before the undersigned and no one appeared on behalf of Prestige or Mr.
Little.  (Docket no. 22).

## **Factual Background**

The following facts are established by the complaint and the motion for default judgment
along with its supporting affidavits and declarations.  Plaintiff Benjamin Disinger is an
experienced photographer and filmmaker residing in Portland, Oregon.  (Compl. ¶ 1).  Defendant
Prestige is a Florida limited liability company which produces custom canvas prints using
images of popular modern art and photographs, and owns and operates the commercial website
<www.prestigeartstudios.com>.  (Compl. ¶ 2).  Defendant Mark Little is the sole owner and

partner of Prestige.[2] (Compl. ¶ 3). On April 5, 2014, plaintiff captured the photograph, "Santa Monica Pier Ferris Wheel on Flickr," (the "Copyrighted Work") in Santa Monica, California. (Compl. ¶ 8). On April 14, 2014, plaintiff posted the Copyrighted Work to <www.flickr.com/photos/bendisinger/13857481123/>. (Compl. ¶ 9; *see* Docket no. 1-3). Plaintiff registered the Copyrighted Work and received a Certificate of Registration, Registration Number VA 2-090-676, effective as of October 11, 2017. (Docket no. 16-2).

Beginning on January 1, 2017, Prestige copied and posted the Copyrighted Work to its commercial website, <www.prestigeartstudios.com/>, at the web address <www.prestigeartstudios.com/going-around-print-only/>. (Compl. ¶¶ 10–11; *see* Docket no. 1-4). Prestige offered for sale as the "Going Around" print the entirety of the Copyrighted Work, which could be posted to social media websites, including Pinterest, Twitter, Facebook, and Google Plus. (Compl. ¶¶ 12–13). Prestige also distributed the "Going Around" print with the intention of selling the print through several commercial entities including Wayfair, Inc. (Docket no. 1-5); Wal-Mart Stores, Inc. (Docket no. 1-6); and Meredith Corporation (Docket no. 1-7). (Compl. ¶¶ 14–15). The Copyrighted Work was also distributed to potentially tens of thousands of Internet users by Wayfair through online advertising platforms such as AdChoices and Criteo. (Compl. ¶ 21; *see* Docket no. 1-8).

Plaintiff notified Prestige of its infringement by letter and email on January 24, 2017. (Compl. ¶ 16). On February 17, 2017, Prestige asserted that it had "removed the Work from its website and partner websites." (Compl. ¶ 18). As of the filing of the complaint, the Walmart and Wayfair URLs still permitted a user to view, purchase, and take delivery of the print from Prestige. (Compl. ¶¶ 19–20).

---

[2] In his motions to dismiss, Mr. Little states that he is a 50% owner of Prestige. (Docket nos. 8 and 9 at 1).

3

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on Prestige's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to Prestige. (Docket no. 12).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings this cause of action under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (Compl. ¶ 4). This court has subject matter jurisdiction over the claim under 28 U.S.C. §§ 1331, 1338.

Under Virginia's long-arm statute, this court has personal jurisdiction where a defendant "transact[s] any business" in Virginia. Va. Code § 8.01-328.1(A). In the Fourth Circuit, a defendant transacts business such that the court can exercise personal jurisdiction when the defendant "(1) directs electronic activity into the State, (2) with the manifested intent of

4

engaging in business or other interactions within the State, and (3) that activity creates, in a

person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan,*

*Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). This court has personal

jurisdiction over Prestige because defendant utilized an interactive e-commerce website

accessible to Virginia residents in order to sell copies of the "Going Around" print and in fact

sold a copy of the "Going Around" print to a Virginia resident. (Compl. ¶ 6; Docket no. 19 at 4;

Docket no. 14); *see Thousand Oaks Barrel Co., LLC v. Deep South Barrels LLC*, 241 F. Supp.

3d 708, 716 (E.D. Va. 2017). Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District

because the events giving rise to the claims occurred in this District. (Compl. ¶ 7).

Given that the defendant is in default and therefore admits the factual allegations in the

complaint, the undersigned magistrate judge recommends a finding that this court has subject

matter jurisdiction over this action, that the court has personal jurisdiction over the defendant,

and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other

unincorporated association may be served in a judicial district of the United States: (1) in the

manner prescribed in Rule 4(e)(1) for serving an individual; or (2) by delivering the summons

and complaint to an officer, manager, or general agent, or any other agent authorized by law to

receive service of process. Rule 4(e)(1) provides that an individual may be served in a judicial

district of the United States by following state law for serving a summons in an action brought in

courts of general jurisdiction in the state where the district court is located. Section 13.1-1018 of

the Virginia Code provides, in part: "A domestic or foreign limited liability company's registered

agent is the limited liability company's agent for service of process, notice, or demand required

5

or permitted by law to be served on the limited liability company." Va. Code. Ann. § 13.1-1018(A).

Plaintiff's process server personally delivered the summons and the complaint with exhibits on Mark Little, the registered agent for Prestige, on January 26, 2018. (Docket no. 6). Based on the foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), Prestige was required to file a responsive pleading by February 12, 2018; 21 days after defendant was served with the summons and the complaint with exhibits. No responsive pleading has been filed by Prestige and the time for doing so has expired. On February 26, 2018, plaintiff filed a request for entry of default as to Prestige (Docket no. 11), which the Clerk of Court entered pursuant to Federal Rule of Civil Procedure 55(a) on February 28, 2018 (Docket no. 12). The certificate of service accompanying the request for entry of default indicates that on February 15, 2018, plaintiff's counsel sent a copy of the request for entry of default to Prestige at its mailing address. (Docket no. 11-3). On April 2, 2018, plaintiff filed a motion for default judgment (Docket nos. 13, 19) with supporting affidavits and declarations (Docket nos. 14–17), and noticed a hearing for April 20, 2018 (Docket no. 21). The certificate of service accompanying the motion for default judgment indicates that on March 30, 2018, plaintiff's counsel sent a copy of the request for entry of default and motion for default judgment to Prestige at its mailing address. (Docket no. 18). The certificate of service accompanying the notice of hearing indicates that on April 13, 2018, plaintiff's counsel sent a copy of the notice of hearing to Prestige at its mailing address. (Docket

6

no. 21 at 2). For these reasons, the undersigned magistrate judge recommends a finding that the Clerk of Court has properly entered a default as to the defendant.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Prestige failed to file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the complaint, defendant willfully infringed on plaintiff's Copyrighted Work in violation of 17 U.S.C. § 501(a). (Compl. ¶¶ 24–32). To establish a case of direct copyright infringement, plaintiff must prove that: (1) he had ownership of the copyright; and (2) the alleged infringer violated at least one exclusive right granted to the copyright holder. 17 U.S.C. §§ 106, 501(a); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

First, the facts set forth in the complaint and the motion for default judgment establish that plaintiff owns the Copyrighted Work. Plaintiff published the Copyrighted Work on April 14, 2014 and registered the Copyrighted Work, receiving a Certificate of Registration, Registration Number VA 2-090-676, effective as of October 11, 2017. (Compl. ¶¶ 9, 25–26; Docket no. 16-2). Second, starting on January 1, 2017, defendant copied and posted the Copyrighted Work to its commercial website, <www.prestigestudios.com/>, and offered it for sale as the "Going Around" print through its website and several commercial entities, including Wayfair, Walmart, and Meredith. (Compl. ¶¶ 10–15). Plaintiff has further established that the infringement was willful, and that defendant copied the Copyrighted Work for the express purpose of selling reproductions. (Compl. ¶¶ 11–13). Based on the foregoing, the undersigned

7

recommends a finding that plaintiff has established defendant's liability for direct copyright infringement of the Copyrighted Work.

To establish a case of contributory copyright infringement, plaintiff must prove that: (1) there is direct infringement; and (2) the alleged contributory infringer induced, caused, or materially contributed to the direct infringement. *Matthew Bender & Co., Inc. v. West Pub. Co.*, 158 F.3d 693, 706 (2d Cir. 1998); *U-Haul Intern., Inc. v. WhenU.com, Inc.*, 279 F. Supp. 2d 723, 731 (E.D. Va. 2003).

First, as discussed above, plaintiff has established direct infringement.  Second, the facts set forth in the complaint establish that defendant knowingly made available plaintiff's Copyrighted Work to Wayfair, Walmart, and Meredith, with the intention of selling reproductions of the Copyrighted Work through those entities.  (Compl. ¶¶ 13–15, 30–31). Based on the foregoing, the undersigned recommends a finding that plaintiff has also established defendant's liability for contributory copyright infringement of the Copyrighted Work.

## Relief

Plaintiff's motion for default judgment seeks: (1) a permanent injunction enjoining Prestige and its officers, agents, servants, employees, affiliated entities, and all those in active concert with him, from copying, displaying, and distributing the Plaintiff's Copyrighted Work; (2) actual damages in the amount of $9,600.00; and (3) attorney's fees and costs in the amount of $4,283.90.  (Docket no. 19-1).

**Actual Damages**

Pursuant to 17 U.S.C. § 504(b), a copyright owner may recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."

In order to recover actual damages, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).

At the beginning of plaintiff's motion, he requested $15,750.00 in actual damages. (Docket no. 19 at 1). When recounting the facts of the case, he requested $5,000.00 in actual damages. (*Id.* at 3). In his argument for actual damages, conclusion, proposed order, and in the Declaration of Benjamin Disinger, he requests $9,600.00. (*Id.* at 9, 10; 19-1 at 2). The undersigned clarified at the hearing on April 20, 2018 that the plaintiff seeks $9,600.00 in actual damages. Accordingly, the undersigned considers plaintiff's claim for actual damages to be a claim for $9,600.00 in actual damages.

Plaintiff arrives at his actual damages figure of $9,600.00 by accounting for his typical license fee for online use ($1,100.00), day rate for his photography work ($2,000.00), and estimated profits from online sales ($6,500.00). (Docket no. 19 at 9). Plaintiff's calculation of the $1,100.00 license fee assumes a one-year, non-exclusive commercial use license. (Docket no. 16-1 at 2). Plaintiff's calculation for his day rate of $2,000.00 assumes a billing rate of $200 per hour for 10 hours of work. (*Id.* at 3). Plaintiff's calculation of $6,500.00 in estimated profits from online sales follows from the maximum sales price sought by Prestige, $65.00, multiplied by an assumed 100 minimum sales of his work by Prestige, Walmart, and Wayfair. (*Id.* at 8–9). There being no evidence to rebut the reasonableness of this calculation, the undersigned recommends a finding that actual damages in the amount of $9,600.00 are proper.

**Permanent Injunction**

The Copyright Act provides the court with the power to grant injunctions in order to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). In order for the court to provide injunctive relief, "a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1839 (2006).

Regarding the first two prongs, "the requisite analysis for the second factor . . . inevitably overlaps with that of the first." *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 582 (E.D. Va. 2007). Moreover, "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007). As alleged in the complaint, Prestige made the Copyrighted Work available for sale on its own commercial website, and on other commercial websites including Wayfair, Walmart, and Meredith. (Compl. ¶¶ 11–15). Given the nature of the infringement, it is unlikely, if not impossible, that plaintiff will regain exclusive control over his Copyrighted Work. Accordingly, plaintiff has suffered irreparable harm, and remedies at law are inadequate to compensate for that injury.

The court must next consider whether the remedy of an injunction is warranted given the balance of hardship between the plaintiff and defendant. Here, the defendant would only suffer the hardship of conforming his actions to comply with the Copyright Act if an injunction is entered. On the other hand, the plaintiff faces great difficulty in enforcing its copyright absent an

10

injunction. Consequently, the balance of hardship weighs in favor of issuing a permanent injunction.

Finally, the court must consider whether the public interest favors a permanent injunction. Here, an injunction would prevent copyright infringement, which in turn, furthers the public's interest in preserving the integrity of copyright laws. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections . . . .") (internal quotation marks and citation omitted).

For these reasons, the undersigned recommends that Prestige and its officers, agents, servants, employees, affiliated entities, and all those in active concert with it be permanently enjoined from copying, displaying, and distributing plaintiff's Copyrighted Work.

**Attorney's Fees and Costs**

Pursuant to section 505 of the Copyright Act, the court may authorize the recovery of full costs and an award of reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. Plaintiff requests attorney's fees and costs in the amount of $3,750.00 in attorney's fees (comprised of 15 hours of labor at a billing rate of $250.00 per hour) and $533.90 in costs (comprised of the statutory filing fee of $400 and process-service fees of $133.90). (Docket no. 15). Based on the representations made by counsel, the undersigned recommends a finding that plaintiff is the prevailing party, the fees and costs incurred by plaintiff were associated with this action, and plaintiff's request for $3,750.00 in attorney's fees is reasonable. Accordingly, the undersigned recommends that the plaintiff be awarded $4,283.90 in attorney's fees and costs, consisting of $3,750.00 in attorney's fees and $533.90 in costs.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Benjamin Disinger and against defendant Prestige Art Studios LLC, and that an Order be entered that enjoins defendant Prestige Art Studios LLC, and its officers, agents, servants, employees, affiliated entities, and all those in active concert with it, from copying, displaying, and distributing plaintiff's Copyrighted Work. The undersigned further recommends that judgment be entered against Prestige Art Studios LLC in the amount of $13,883.90 (consisting of $9,600.00 in actual damages arising from the copyright infringement claim and $4,283.90 in attorney's fees and costs).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Prestige Art Studios LLC c/o Mark Little at 150 Camelia Court, Oldsmar, Florida 34677, and to Mark Little at the same address, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 1st day of May, 2018.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia